UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANNETTE CORNELIUS,
　　　Plaintiff,

　　v.

ECHN ROCKVILLE GENERAL
HOSPITAL, BERNARDO MENDOZA, MD,
JOHN DOES (*Other Physicians at ECHN
Rockville General Hospital*),
　　　Defendants.

No. 3:14-cv-00779 (JAM)

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. 1915(e)(2)(B)**

Connecticut law requires a medical malpractice plaintiff to file with his or her complaint an opinion letter from a qualified medical professional certifying that there appears to have been medical negligence in the care or treatment of the plaintiff. *See* Conn. Gen. Stat. § 52-190a(a); *see also Bennett v. New Milford Hosp., Inc.*, 300 Conn. 1, 18-19, 12 A.3d 865 (2011). Failure to file the required opinion letter is grounds for dismissal. *See* Conn. Gen. Stat. § 52-190(c); *see also Bennett*, 300 Conn. at 29. Connecticut is just one of many states that have adopted such certificate-of-merit filing requirements in an effort to limit questionable medical malpractice claims. *See* Benjamin Grossberg, *Comment: Uniformity, Federalism and Tort Reform: The Erie Implications of Medical Malpractice Certificate of Merit Statutes*, 159 U. Pa. L. Rev. 217, 222-25 (2010) (surveying state statutes).

Plaintiff in this case has filed a *pro se* medical malpractice suit against a Connecticut hospital and her treating physicians at the hospital. Because she and the primary hospital defendant are citizens of Connecticut, there is no apparent basis for federal diversity jurisdiction.

1

*See* 28 U.S.C. § 1332. Nevertheless, plaintiff has added a federal law issue to her complaint by asserting that she has been foreclosed by Connecticut's certificate-of-merit requirement from filing her complaint in state court and that the state courts' application of the certificate-of-merit requirement violates her right to constitutional due process. For the reasons set forth below, I conclude that dismissal of the complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## Background

Plaintiff has filed a complaint *in forma pauperis*, alleging that she was the victim of medical malpractice—that she "went into the hospital for [an] operation on my leg and came out with losing the loss of my entire right arm, including fingers." Doc. # 1 at 2 (¶ 20). She claims she was unable to comply with Connecticut's certificate-of-merit requirement, because "no doctor wants to sign" a certificate of merit, *ibid.* (¶ 17), and "[b]ecause no doctor want[s] to sign that Defendants were responsible, I cannot file a lawsuit or seek any legal remedy at the state level." *Ibid.* (¶ 18). She contends that "[h]aving the requirement that a doctor has to sign that another doctor, a colleague, did something wrong, is a violation of my 14th amendment rights to 'liberty… and the due process of law.'" *Id.* at 3 (¶ 24). Plaintiff seeks not only damages against the hospital and physician defendants for the injury to her right hand but also a "find[ing] that my constitutional rights were violated" and a finding that "requesting a doctor to first sign-off on a potential claim prevents due process of the law." *Id.* at 3.

## Discussion

This Court "shall dismiss [a] case [filed *in forma pauperis*] at any time" if it determines that the case is "frivolous or malicious" or that it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B). In determining whether a case is subject to dismissal, it is well-established that "*pro se* complaints 'must be construed liberally and interpreted to raise the

strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Still, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009).

As to plaintiff's due process claim, the complaint—even when construed generously—does not plausibly allege that any of the defendants were state actors, as is necessary to sustain a claim of a constitutional due process violation. *See, e.g., Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir. 2012) (discussing "state action" requirement for constitutional claims); *see also Kia P. v. McIntyre*, 235 F.3d 749, 755-56 (2d Cir. 2000) (where defendant "[h]ospital is owned and administered by a private corporation" and "is not a state or municipal facility," then "[h]ospital was . . . not a state actor"). Nor does the complaint allege that the hospital or doctors bear responsibility for enacting or enforcing the certificate-of-merit requirement; plaintiff has not otherwise named as a defendant any Connecticut official or entity that has responsibility for application and enforcement of the certificate-of-merit requirement in the Connecticut state courts. *See Gronne v. Abrams*, 793 F.2d 74 (2d Cir. 1986) (federal lawsuit against Attorney General and New York State chief administrative judge challenging constitutionality of New York statute requiring that medical malpractice claims be referred to a malpractice panel for a hearing on liability before proceeding to trial).

It follows that plaintiff's due process claim—at least as framed against those defendants that she has chosen to sue—is without merit. Because no genuine federal law issue remains, I would not otherwise exercise supplemental jurisdiction over her medical malpractice claim. *See* 28 U.S.C. § 1367(c); *Yearney v. Sidowowicz*, 2014 WL 2616801 (S.D.N.Y. 2014) (dismissing

prisoner's Eighth Amendment claims arising from medical treatment in prison and declining to exercise supplemental jurisdiction over claims for medical malpractice and negligence).

Although I need not decide the issue to resolve this case, there is also good reason to doubt the merits of plaintiff's due process challenge to Connecticut's certificate-of-merit requirement even if she were to file suit against the appropriate defendants. *See Lohnes v. Hospital of St. Raphael*, 132 Conn. App. 68, 81-84, 31 A.3d 810 (2011) (Borden, J.) (rejecting due process challenge to Conn. Gen. Stat. § 52–190a because "it is clear that the limitations put on medical malpractice actions by § 52–190a are reasonably related to the legitimate state interest of preventing frivolous or meritless medical malpractice claims"), *cert. denied*, 303 Conn. 921 (2012).[1] As the Second Circuit has noted in a similar context, "[a] person's right to sue for personal injuries arising out of alleged malpractice is a common law right existing only insofar as it is recognized by the courts or by statute," and "[t]he authority of the legislature to abolish entirely a common law right to sue, or, as here, to alter the procedures surrounding that right, is well established." *Gronne*, 793 F.2d at 78 (rejecting constitutional due process challenge to New York State's requirement that malpractice claims be subject to initial hearing before a medical malpractice panel that includes at least one physician as a member). *But see* John C.P. Goldberg, *The Constitutional Status of Tort: Due Process and the Right to a Law for the Redress of Wrongs*, 115 Yale L. J. 524 (2005) (arguing that the right to tort recovery should not be subject to unfettered legislative discretion and that plaintiffs should have a right to a body of law for the redress of private wrongs that generates meaningful and judicially enforceable limits on

---

[1] Notwithstanding that the defendants in *Lohnes* were a private hospital and hospital physician and not a state official charged with enforcing the medical certification requirement, it was proper for the Connecticut Appellate Court to address the merits of the constitutional due process challenge because the medical certification requirement had actually been applied and enforced by the state trial court in that case to preclude the plaintiff's claim. Here, by contrast, there has been no state court or other actor that has applied the medical certification requirement to the facts of this case, as plaintiff has apparently chosen in the first instance to file her malpractice claim in federal court.

tort reform legislation).

Also lurking in the background of this case is another legal question: does Connecticut's certificate-of-merit requirement apply not only to malpractice claims filed in Connecticut state court but also equally to malpractice claims that have been filed in federal court? Plaintiff seems to assume that the requirement applies only in state court. *See* Doc. #1 at 2 (¶ 18). But she may well be wrong. Federal courts nationwide have split on the question whether, for purposes of the *Erie* doctrine, *see Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), a state law certificate-of-merit filing requirement constitutes a mere procedural rule that does not apply in federal court or a substantive, outcome-determinative rule that must be applied in federal court. On the one hand, some of my colleagues in the District of Connecticut have concluded that *Erie* requires application of the certificate-of-merit requirement to diversity suits involving medical malpractice claims. *See, e.g., Macamaux v. Day Kimball Hosp.*, 702 F.Supp.2d 25, 29 (D. Conn. 2010); *Blumenkopf v. Conboy*, 2008 WL 4196974 at *1 n.2 (D. Conn. Sept. 8, 2008). Yet, as Judge Underhill has noted, "[t]he Second Circuit has not yet determined whether the requirement of a certificate of good faith in a medical malpractice action is a substantive or procedural requirement." *Cole v. Greene*, 2013 WL 1759571 at *1 (D. Conn. 2013).

As for case law elsewhere, a leading treatise notes that "the proposition that federal courts must give effect to state rules requiring plaintiffs to certify the merits of their claims now has support in a number of federal courts," but that "the support is far from unanimous," and "[i]n particular, state rules requiring plaintiffs to certify the merits of their claims largely have been found to be inapplicable in federal courts when they require an affidavit to be filed contemporaneously with the complaint." 19 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4511, at 253 (2d ed.); *see also Estate of C.A. v. Grier,* 752 F. Supp. 2d

5

763, 771-772 (S.D. Tex. 2010) (collecting cases and declining to apply similar Texas certificate-of-merit requirement because of conflict with simplified pleading requirement of Fed. R. Civ. P. 8); Grossberg, *supra* (contending that *Erie* does not generally require application of state law medical certification requirements in federal court).

Despite all this uncertainty, I need not decide the *Erie* issue in order to conclude that plaintiff's action cannot be maintained in federal court even if she wished to raise a due process objection to the application of the certificate-of-merit requirement to her own federal court complaint. That is because "[u]nder the longstanding well-pleaded complaint rule … a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)).  Thus, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense: 'It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of [federal law].'" *Ibid*.

Here, plaintiff's constitutional objection to the applicability of a certificate-of-merit requirement in this case would not be the well-pleaded basis for her malpractice claim. It would be no more than a counter-reply to an anticipated defense to be raised by the hospital in an effort to defeat plaintiff's malpractice claim. Therefore, even if I assume that *Erie* requires application of the certificate-of-merit requirement in federal court, plaintiff's constitutional objection does not establish federal question jurisdiction, and this non-diversity state law malpractice case would be subject to dismissal for lack of federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (providing that a court "must dismiss" a claim "[i]f the court determines at any time that it lacks subject matter jurisdiction").

In short, no matter how I construe *pro se* plaintiff's complaint, there is no plausible basis for this action to remain in federal court. On the one hand, if I construe the complaint to raise a due process challenge to the Connecticut state courts' application and enforcement of the certificate-of-merit requirement, her due process claim fails for lack of a named defendant state actor or a named defendant who is responsible for application and enforcement of the certificate-of-merit requirement in the state courts of Connecticut. On the other hand, if I assume that the certificate-of-merit requirement applies equally in federal court to plaintiff's own action here, then plaintiff's due process challenge to its potential application to her claim in this Court would not suffice to establish federal-question jurisdiction under the well-pleaded complaint rule, and there would be no other basis for this Court to exercise subject matter jurisdiction over a state law medical malpractice claim.

I am sympathetic to plaintiff's medical condition and have no reason to doubt her belief that she was the victim of medical negligence. Nevertheless, I conclude that § 1915(e)(2)(B) requires dismissal of her complaint. This order of dismissal, however, is without prejudice to plaintiff's right to file an amended complaint. *See Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (*per curiam*) (noting that "'the court should not dismiss [under § 1915(e)(2)] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated,' … unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim") (quoting *Branum v. Clark,* 927 F.2d 698, 705 (2d. Cir. 1991)). If plaintiff wishes to amend her complaint, she must do so within 60 days of the filing of this Order, and she must also ensure that any defendants are properly served.

Plaintiff's motion to proceed *in forma pauperis* [Doc. # 2] is GRANTED. Because I

cannot at this time see any likely substance to her complaint, plaintiff's motion for appointment of counsel [Doc. #3] is DENIED. *See Hendricks v. Coughlin*, 114 F.3d 390 (2d Cir. 1997). This case is otherwise DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), subject to plaintiff's right to file an amended complaint within 60 days on or before September 2, 2014.

    It is so ordered.

    Dated at Bridgeport this 1st day of July 2014.

                                                /s/ Jeffrey Alker Meyer
                                              Jeffrey Alker Meyer
                                              United States District Judge